# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3646

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Chad Doren Webber, | * |
| | * |
| Appellant. | * |

Appeals from the United States
District Court for the District
of North Dakota.

_____

No. 01-3714

_____

[UNPUBLISHED]

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Chad Doren Webber, | * |
| | * |
| Appellee. | * |

_____

Submitted:  June 13, 2002

Filed:  June 20, 2002

_____

Before HANSEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.
_____

PER CURIAM.

After his father's death in the fall of 1999, Chad Doren Webber moved into his trailer home. Webber's father was an avid hunter, and his many guns remained in the residence. In November 1999, Webber's sister, the executor of their father's estate, reported many guns had been stolen in a burglary. While cleaning, she later found a shotgun in the closet of her father's bedroom. Webber soon came under scrutiny for possible drug activity. During a drug-related search of the home in March 2000, officers saw the shotgun in the bedroom closet and a 9 mm handgun elsewhere, but did not seize them because Webber's possession of them then was not illegal. In April 2000, Webber reported the handgun stolen. Webber was convicted on state drug charges in May 2000 and could not possess firearms or ammunition after that time. Webber also pleaded guilty to more state drug charges in August 2000. A week after Webber's guilty plea, police officers executed a warrant at his home looking for more drugs. During the search, the officers found the shotgun in the bedroom closet and a variety of ammunition in drawers and cupboards, including a loaded clip for the stolen 9 mm handgun. Given his earlier convictions, Webber was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). Webber was convicted and sentenced to thirty-six months in prison.

On appeal, Webber first challenges the sufficiency of the evidence. To sustain a conviction under § 922(g), the Government had to prove beyond a reasonable doubt that: (1) Webber had been convicted of a felony; (2) he later possessed a firearm or ammunition; and (3) the firearm or ammunition traveled in or affected interstate commerce. United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996). Webber does not challenge the first or last elements, but asserts no reasonable juror could find he was either in actual or constructive possession of the firearm or ammunition. Webber claims he did not know the shotgun was in the residence. He points out the

residence belonged to his father's estate, Webber stayed with his fiancee most of the time, Webber did not use his father's bedroom when he stayed there, and the shotgun did not have his fingerprints on it. Although he was present during the March 2000 search when the shotgun was found and photographed, but not seized, the searching officers did not testify that they showed Webber the shotgun or that Webber was otherwise aware of its presence. Nevertheless, another government witness testified that while at the residence on one of many occasions, Webber had shown him the 9mm handgun and two loaded clips for it. Because evidence shows Webber actually possessed the 9mm ammunition seized after his state convictions, the evidence supports Webber's § 922(g) conviction, and we need not decide whether Webber constructively possessed the shotgun.

Webber also contests the district court's refusal to grant a downward departure based on U.S.S.G. § 5K2.11 (permitting departure for conduct that does not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense). Webber does not argue the district court misconstrued its authority to depart, but contends the court committed error when it refused to do so. A defendant may not appeal a district court's refusal to depart downward when the court understood its authority to depart, however, absent an unconstitutional motive. United States v. Lewis, 249 F.3d 793, 795 (8th Cir. 2001); United States v. Reynolds, 215 F.3d 1210, 1214-15 (11th Cir. 2000). Webber does not assert any unconstitutional motive, so we lack authority to review the district court's refusal.

In its cross-appeal, the Government asserts the district court committed clear error in reducing Webber's offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. The district court reasoned Webber had accepted responsibility because although he went to trial, he merely challenged whether he had constructive possession of the shotgun and ammunition. Commentary to § 3E1.1 states the reduction

is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1 n.2. The Government argues the reduction does not apply to Webber because he went to trial and has not yet admitted his guilt or expressed remorse. Webber asserts he merely challenged the applicability of the statute to his conduct, specifically, whether the evidence showed actual or constructive possession of the shotgun. We do not believe Webber falls within the exception for those who do not challenge factual guilt. Before trial, Webber never admitted all of the essential elements of the charged offense. Indeed, Webber continues to challenge the existence of one of the elements. Thus, the district court committed clear error in granting a § 3E1.1 reduction. United States v. Hill, 197 F.3d 436, 446-47 (10th Cir. 1999).

The Government also contends the district court abused its discretion in departing downward from the applicable guidelines range under U.S.S.G. § 4A1.3 (permitting departure when criminal history category significantly overrepresents the seriousness of a defendant's criminal history or likelihood that the defendant will commit future crimes). See United States v. Gayles, 1 F.3d 735, 739 (8th Cir. 1993). The district court concluded Webber's criminal history was overstated and departed from criminal history category IV to category III. When granting a departure under § 4A1.3, the court considers the historical facts of the defendant's criminal career, including the defendant's age at the time of the offenses, the proximity in time

between the offenses, and the state's assessment of the seriousness of the crimes. Gayles, 1 F.3d at 739; United States v. Senior, 935 F.2d 149, 151 (8th Cir. 1991). Webber was convicted of issuing a check without an account in 1994, worth one criminal history point. He has two illegal drug possession convictions from March 1999 (3.1 grams of cocaine) for which he received probation, and November 2000 (24 grams of marijuana) for which he received a concurrent six-month sentence in rehabilitation. The offenses are worth two criminal history points each. He also has one conviction for possession with intent to deliver one-eighth ounce of methamphetamine, worth two points, for which he received a five-year sentence, with all except one year and one day suspended. Two more criminal history points are added under U.S.S.G. § 4A1.1(d) because Webber was on probation supervision when he violated § 922(g). Webber had a total of nine criminal history points, placing him at the top of criminal history category IV, which corresponds to seven, eight, or nine points. Thus, even if the minor check charge were not counted, Webber would remain in criminal history category IV. Although the possession offenses did not involve large amounts of drugs and the state treated Webber with lenient sentences, Webber was of mature age at the time of the offenses and the drug offenses were close in time to the § 922(g) violation. Because the record is not a model of clarity, we leave this issue open for reconsideration by the district court on remand.

We thus affirm Webber's conviction, but reverse and remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.