# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-2500

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| David R. Boettger, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: January 14, 2003
Filed: January 27, 2003

_____

Before WOLLMAN and MURPHY, Circuit Judges, and GRITZNER,[1] District Judge.

_____

MURPHY, Circuit Judge.

David Robert Boettger was convicted of conspiracy to distribute over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentenced by the district court[2] to 168 months. Boettger appeals from the judgment, contending that he was entitled to receive a three level reduction in his guideline

_____

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

[2] The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

calculation under § 3E1.1.  See United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 2001) [USSG].  We affirm.

The United States filed an indictment on February 22, 2001, charging that Boettger conspired to distribute and to possess with the intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. Boettger was arrested, and he entered a not guilty plea on March 2, 2001.  Special conditions of release were set, and he was released pending trial.  One of the conditions of Boettger's release required him to refrain from using or possessing controlled substances.  After Boettger tested positive for methamphetamine use on five separate occasions, a petition charging violation of release conditions was filed and an arrest warrant issued.  On May 21, 2001, the magistrate judge found that Boettger had absconded and was not available for trial.  He remained at large until December 13, 2001.

On February 8, 2002, Boettger entered a plea of guilty under a plea agreement which indicated that he had given a cooperative interview to law enforcement.  After the plea proceeding, he was remanded to custody, but was later mistakenly released from jail on March 3, 2002.  When he telephoned his attorney to inquire about his release, his attorney said he needed to speak with the marshal's office before answering.  The attorney learned that there was a federal detainer still in effect, but he was unable to locate Boettger, and another warrant issued for his arrest. On March 19, 2002, Boettger returned to the Dawson County Courthouse on an unrelated state charge.  He fled when he was told about the arrest warrant, but he was eventually captured.

At the sentencing hearing, Boettger objected to the sections of the presentence report that recommended an enhancement for obstruction of justice and no reduction for acceptance of responsibility.  The district court declined to impose either an obstruction of justice enhancement or an acceptance of responsibility reduction.  It

found that Boettger's conduct was inconsistent with acceptance of responsibility.

On appeal Boettger argues that the district court erred by not granting a three offense level reduction under § 3E1.1. He claims that he met his burden of demonstrating acceptance of responsibility by entering a plea of guilty and discussing his role in the offense with law enforcement on three separate occasions. He contends that any "bad conduct" did not outweigh other acts consistent with acceptance of responsibility so he should have received a three level reduction. The district court then would have been able to consider all of his conduct in deciding at which point within the guideline range he should be sentenced. The United States argues that the district court correctly denied Boettger's request for an offense level reduction under § 3E1.1.

We review the district court's findings with respect to the acceptance of responsibility reduction for clear error. See United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000). We give great deference to the factual determinations of the district court and only reverse a finding if it is so clearly erroneous that it lacks foundation. See United States v. Ngo, 132 F.3d. 1231, 1233 (8th Cir. 1997). The facts that Boettger hid after being inadvertently released from jail and fled from officers when he learned he was to be taken back into custody support the district court's finding that he had not accepted responsibility. Other conduct, including Boettger's continued use of methamphetamine awhile awaiting trial and the fact that he fled before his first trial date, also supports the decision to deny the offense level reduction. We conclude that the district court did not err in finding that Boettger's conduct was inconsistent with an acceptance of responsibility and in denying a reduction under § 3E1.1.

According, we affirm the judgment of the district court.

A true copy.

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.