# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1056

_____

United States of America,

        Appellee,

v.

Tami Connor, a/k/a Tami Conner,
a/k/a Tami Benesh,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*     **[UNPUBLISHED]**
\*
\*

_____

Submitted: June 10, 2003

Filed: June 16, 2003

_____

Before MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Tami Connor (Connor) pled guilty to conspiracy to distribute, possession with intent to distribute, and manufacturing methamphetamine. The district court[2] sentenced Connor to 180 months. On appeal, Connor raises two challenges to the calculation of her sentence under the United States Sentencing Guidelines (U.S.S.G.) (2001).

Connor first contends the court erred in assessing drug quantity. We review a court's drug quantity determination for clear error. United States v. Exsom, 328 F.3d 456, 461 (8th Cir. 2003). When a defendant makes admissions regarding drug quantity, a court may rely on the admissions to establish the base offense level. See United States v. Symonds, 260 F.3d 934, 936 (8th Cir. 2001). The record reflects the court based its drug quantity determination on Connor's own admissions made during a police interview, after being informed of her Miranda rights and signing a cooperation agreement. Connor did not offer any evidence on drug quantity, and only argued the government's evidence was wrong, primarily because her admissions were not credible due to her own inconsistencies. The district court's reliance on Connor's admissions was not clearly erroneous.

Connor also contends the district court erred in denying her a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review a court's findings with respect to the acceptance of responsibility reduction for clear error. See United States v. Boettger, 316 F.3d 816, 817 (8th Cir. 2003). Connor argues she qualifies for the sentence reduction because she pled guilty, participated in three proffers with the government, and assisted law enforcement authorities in identifying stolen property. Pleading guilty does not necessarily entitle a defendant to a reduction. Id. (affirming court's denial of sentence reduction for acceptance, although defendant pled guilty and cooperated with the government, because record

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

established defendant abused drugs and fled from law enforcement during pretrial release).  Evidence of timely acceptance of responsibility may be outweighed "by conduct of the defendant that is inconsistent with such acceptance."  See U.S.S.G. § 3E.1.1, cmt. n.3.  The record before us is replete with evidence that Connor (1) obstructed the government's investigation of others (e.g., writing a warning letter) and (2) engaged in criminal activity and drug abuse during pretrial release, including giving birth to a baby whose hair tested positive for methamphetamine.  We find no clear error in the court's denial of a sentence reduction for acceptance of responsibility.

Accordingly, we affirm Connor's sentence.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.