# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1379

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Timothy Wallace, | * | |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: August 29, 2003
Filed: September 11, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Timothy Wallace challenges his jury-trial conviction for possessing pseudoephedrine with knowledge that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2). For reversal, Wallace argues the district court[1] denied him access to the court when it refused to file his pro se motion for substitution of counsel and failed to hold an evidentiary hearing on his request. He also argues section 841(c) violates the Commerce Clause. For the reasons discussed below, we affirm.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

We conclude Wallace cannot show he was prejudiced by the district court's refusal to file his pro se motion, because he was allowed to bring up the matter of substitute counsel at the sentencing hearing. We also conclude the district court did not abuse its discretion in failing to hold an evidentiary hearing on Wallace's request for appointment of substitute counsel given that the court afforded him an opportunity at sentencing to explain why he was dissatisfied with counsel. Further, the reasons Wallace gave--counsel was angry about having to go to trial and poorly represented him at trial, counsel had not informed him of changes in the presentence report (PSR), and counsel had given him the PSR late--were not compelling reasons to receive substitute counsel at that time. The court offered Wallace more time to review the PSR, and informed him that he could seek new counsel on appeal (which he did) and could raise his ineffectiveness argument in a collateral proceeding. See United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003) (whether to grant motion for new counsel is matter committed to "sound discretion" of district court; to warrant substitute counsel, defendant must show "justifiable dissatisfaction" with appointed counsel, such as conflict of interest, irreconcilable conflict, or complete breakdown in communication between attorney and defendant); United States v. Webster, 84 F.3d 1056, 1062 & n.2 (8th Cir. 1996) (where district court gave defendant leave to freely explain reason for his discontent with appointed counsel, court satisfactorily inquired into basis for defendant's dissatisfaction, and did not abuse its discretion in denying motion to substitute counsel, which came on last day of trial and did not meet standards for replacement).

Wallace's challenge to the constitutionality of section 841(c) is raised for the first time on appeal. We do not consider constitutional arguments raised for the first time on appeal absent exceptional circumstances, see Liberty State Bank v. Minn. Life & Health Ins. Guar. Ass'n, 149 F.3d 832, 834 (8th Cir. 1998), and we decline to exercise our discretion to reach this issue, see Warren v. City of Lincoln, 864 F.2d 1436, 1439 (8th Cir.) (en banc) (whether to reach issue first brought on appeal is discretionary decision), cert. denied, 490 U.S. 1091 (1989).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.