**UNITED STATES of America,
Plaintiff,**

v.

**Shawn Leo BARTH, et al., Defendant.**

**No. C1–03–046.**

United States District Court,
D. North Dakota,
Southwestern Division.

Nov. 14, 2003.

Orell D. Schmitz, Schmitz Moench and Schmidt, Bismarck, ND, Benjamin C. Pulkrabek, Pulkrabek Law Firm, Mandan, ND, for defendant.

Rick L. Volk, U.S. Attorney's Office, Bismarck, ND, for plaintiff.

## ORDER DENYING DEFENDANT ROSALIO GUITRON–VARGAS' REQUEST FOR SUBSTITUTION OF COUNSEL

HOVLAND, Chief Judge.

This matter comes before the Court as a result of the Defendant's letter request for substitution of counsel filed on November 7, 2003 (Docket No. 87). A copy of the letter is attached to this Order. A jury trial is scheduled to commence on Monday, December 8, 2003. A hearing was held on November 13, 2003, in Bismarck, North Dakota. Representing the Government was AUSA Rick L. Volk and representing the defendant was attorney Benjamin Pulkrabek.

■ It is well-established in the Eighth Circuit that the trial court has broad discretion in determining whether to grant a request for substitution of counsel, particularly when the issue is raised close to the date of trial. *United States v. Vallery,* 108 F.3d 155 (8th Cir.1997). The right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice. If a defendant's attempted exercise of his choice of counsel is dilatory, the trial court can require him to proceed with designated counsel. *United States v. Reeves,* 674 F.2d 739, 748 (8th Cir.1982).

■ Whether to grant a motion for new counsel is a matter committed to the sound discretion of the district court. *United States v. Exson,* 328 F.3d 456 (8th Cir.2003). A defendant must show a justifiable dissatisfaction with counsel in order to be granted a substitute. Justifiable dissatisfaction sufficient to warrant that new counsel be appointed includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communications between the attorney and the defendant. *Id. quoting Smith v. Lockhart,* 923 F.2d 1314, 1320 (8th Cir.1991). The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of the advocacy.

■ When a defendant makes a request for substitute counsel, the Court should inquire into the reason(s) for the defendant's dissatisfaction with his attorney before ruling on the request. *See McMahon v. Fulcomer,* 821 F.2d 934 (3rd Cir.1987). A defendant does not have the absolute right to counsel of his own choosing. The primary aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant, rather than to ensure that each defendant will be represented by the lawyer he prefers. *Nerison v. Solem,* 715 F.2d 415 (8th Cir.1983).

At the hearing on November 13, 2003, the Court inquired of the Defendant [hereinafter referred to as "Vargas"] as to the reason(s) for his dissatisfaction with his court-appointed attorney, Benjamin Pulkrabek. The Court was aware of the fact that attorney Pulkrabek had recently represented Vargas in a different criminal case in federal court with no complaints or concerns raised by Vargas as to the handling of that matter. The Court presided over Vargas' change of plea hearing that took place on August 18, 2003, and the sentencing hearing that took place on October 27, 2003. *United States v. Rosalio Guitron–Vargas,* Case Nos. C1–01–022 and C1–03–021. Vargas was sentenced to 57 months of imprisonment.[1]

---

1. In Case No. C1–03–021, Vargas was charged with and pled guilty to the offense of

At the hearing on November 13, 2003, Vargas informed the Court that he was dissatisfied with Benjamin Pulkrabek as his attorney. Vargas last met with attorney Pulkrabek on November 11th for approximately two (2) hours. Vargas stated that he feels attorney Pulkrabek gets angry with him. Vargas said that he (Vargas) has been upset with the plea negotiations and settlement offers that have been made by the Government and conveyed to him through attorney Pulkrabek. Vargas also stated that he has requested that attorney Pulkrabek provide him with the entire Federal Sentencing Guidelines Manual but he has not received the manual to date.

In his November 7, 2003, letter to the Court, Vargas had requested that attorney Paul Myerchin be appointed to his case. The Court questioned Vargas about his knowledge of attorney Myerchin. Vargas said that he did not know attorney Myerchin but that Myerchin had been recommended to him by another inmate residing at the Burleigh County Detention Center. Vargas also discussed the fact that he was aware of other inmates at the Burleigh County Detention Center facing drug charges who had received lesser sentences than what the Government has offered him in this drug conspiracy case. Specifically, Vargas mentioned another inmate who had recently been sentenced in federal court on an unknown drug charge and had been sentenced to 21 months of imprisonment.

At the hearing on November 13, 2003, Vargas also expressed discontent about the publicity that has been generated about this case and the fact that he (Vargas) has been portrayed negatively in the press as being a person associated with drug trafficking activities. Vargas informed the Court that he has repeatedly requested that attorney Pulkrabek do something to put an end to the publicity. Pulkrabek informed the Court that he has told Vargas that contacting the press concerning their reporting of this case and requesting that they discontinue all such reporting may tend to generate more publicity.

In summary, the gist of Vargas' dissatisfaction with defense counsel is based upon the following:

1) Vargas said that attorney Pulkrabek has become angry or upset with him at times which apparently relates to plea negotiations with the Government;

2) Vargas is upset with the plea negotiations and the fact that the Government has been unwilling to offer him a more lenient sentence of imprisonment;

3) That attorney Pulkrabek has not provided Vargas with the entire Federal Sentencing Guidelines Manual as he has requested;

4) Vargas is dissatisfied with attorney Pulkrabek's inability to put an end to the media coverage of this drug conspiracy case and Vargas' unhappiness with being portrayed as a person associated with drug trafficking activities; and

5) Other inmates at the Burleigh County Detention Center whom Vargas has spoken to have allegedly received more lenient sentences of imprisonment in drug cases.

During the hearing, the Court located an extra copy of the Sentencing Guidelines and provided the manual to attorney Pulkrabek to provide to Vargas for his review. Vargas informed the Court that there was

re-entry of a deported alien subsequent to a prior conviction under 8 U.S.C. §§ 1326(a) and 1326(b)(2). Vargas had a Criminal History Category IV. In Case No. C1–01–022 Vargas admitted a violation of the terms of his supervised release.

another Spanish-speaking inmate at the Burleigh County Detention Center who would assist him in reviewing the Sentencing Guidelines. The Court informed Vargas that if he had any difficulty in reviewing and understanding the Sentencing Guidelines, and he felt that there was a need for an interpreter to assist in that regard, that Vargas should immediately inform his attorney and the Court and an interpreter would be provided.

Attorney Pulkrabek was given an opportunity to respond at the hearing. Pulkrabek informed the Court that it was his belief that Vargas' dissatisfaction primarily related to the Sentencing Guidelines and the sentencing range available under the Guidelines for the charges filed against Vargas in the federal Indictment. Pulkrabek also said that Vargas has been dissatisfied with the plea negotiations with the Government and that Vargas is of the opinion that a significantly lower sentence of imprisonment should be obtained. Pulkrabek informed the Court that he has spent a considerable amount of time in the preparation of this case for trial and believes that he is capable of adequately representing Vargas at trial.

The Court questioned Vargas concerning attorney Pulkrabek's familiarity with this drug conspiracy case. Vargas acknowledged that attorney Pulkrabek is familiar with the facts and the background of the case and that Pulkrabek has shared with him all of the discovery provided by the Government to date. Vargas acknowledged that Pulkrabek is capable of defending the case through trial. Vargas stated that he was generally dissatisfied with Pulkrabek but that he would accept and live with the decision of the Court concerning his request for substitute counsel.

■ It is incumbent upon a defendant to show justifiable dissatisfaction with counsel in order to be granted a substitute. As previously noted, justifiable dissatisfaction

sufficient to warrant that new counsel be appointed includes a conflict of interest, an irreconcilable conflict, or a complete breakdown of communications between the attorney and the defendant. *United States v. Exson*, 328 F.3d 456 (8th Cir.2003). The Court expressly finds that the defendant, Rosalio Guitron–Vargas, has failed to show a justifiable dissatisfaction with counsel under the circumstances. The reason(s) for Vargas' dissatisfaction primarily relate to his concerns about plea negotiations with the Government and the more favorable treatment shown to other defendants in other drug cases. In addition, Vargas has raised concerns about the adverse publicity generated in the press. There has been no evidence presented to show any conflict of interest, an irreconcilable conflict, or a complete breakdown of communications between the attorney and the defendant.

A defendant does not have the absolute right to counsel of his own choosing. The primary aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant, rather to ensure that each defendant will be represented by the lawyer he prefers. In this case, Vargas acknowledged that attorney Benjamin Pulkrabek is well-versed concerning the facts and background of this case and that he is competent and capable of being an effective advocate for Vargas at the drug conspiracy trial scheduled to commence on December 8, 2003. The Defendant has failed to show any justifiable dissatisfaction with appointed counsel in this belated request made just 3 weeks before trial. The Defendant's request for substitution of counsel is **DENIED**.

**IT IS SO ORDERED.**