# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

03-3660

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Rafael E. Alvarado, also known as | * | |
| Rafael Alvarado, also known as Rafael | * | [UNPUBLISHED] |
| Orellana, also known as Juan Ramos, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: **August 5, 2004**
Filed:    August 1, 2005

_____

Before **MELLOY, LAY, and COLLOTON, Circuit Judges.**

_____

PER CURIAM.

Rafael Alvarado pled guilty to being knowingly and unlawfully present in the United States after having been deported.  See 8 U.S.C. §§ 1326(a) and (b).  At Mr. Alvarado's plea hearing, counsel estimated a Guidelines imprisonment range of fifty-seven to seventy-one months.  The court made clear that this prediction was not binding.  Mr. Alvarado stated to the court that he understood this fact.

At sentencing, the district court calculated a Category V criminal history, a total Guidelines offense level of twenty-one, and a resultant Guidelines range of seventy to eighty-seven months. Mr. Alvarado was upset that the Guidelines range was higher than his attorney's original estimate. Mr. Alvarado demanded a new attorney and complained that his attorney had been unable "to get [him] some kind of deal." The district court denied Mr. Alvarado's last-minute request for new counsel, stating that there was nothing left for an attorney to do given the late stage of the proceedings. The district court imposed a seventy-month sentence at the bottom of the Guidelines range.

Mr. Alvarado's counsel moved to withdraw from the case and filed a brief under Anders v. California, 386 U.S. 738 (1967). He raised an argument on Mr. Alvarado's behalf claiming the district court abused its discretion when it failed to appoint new counsel at the end of the sentencing hearing and failed to conduct further inquiry into Mr. Alvarado's complaints. We considered his arguments and conducted an independent review of the case as required under Penson v. Ohio, 488 U.S. 75 (1988). We denied the motion to withdraw because we found that Mr. Alvarado's case presented a potentially non-frivolous issue under Blakely v. Washington, 124 S.Ct. 2531 (2004). As per our instructions, counsel consulted with Mr. Alvarado, and Mr. Alvarado elected to seek relief under Blakely.

Regarding Mr. Alvarado's original claims related to his demand for new counsel, we find his arguments to be without merit. He presented no complaints other than a general dissatisfaction with his sentence and with counsel's inability to secure a "deal." Mr. Alvarado said nothing at sentencing sufficient to require the appointment of new counsel or to trigger a duty of further inquiry by the court. See United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003) (setting forth the standard for "justifiable dissatisfaction"). Further, last minute requests for replacement of counsel are disfavored. United States v. Klein, 13 F.3d 1182, 1185

(8th Cir. 1994). Accordingly, we affirm the district court's refusal to grant new counsel at the end of the sentencing hearing.

Regarding sentencing issues under <u>Blakely</u>, we note that the Supreme Court subsequently decided <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), which made <u>Blakely</u> applicable to the federal Sentencing Guidelines and effectively made the Sentencing Guidelines advisory in all cases. Our court then set forth the standards for plain error review of <u>Blakely</u>/<u>Booker</u> errors in pending cases. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 552 (8th Cir. 2005).

Under <u>Pirani</u>, we first determine whether the defendant preserved <u>Booker</u>/<u>Blakely</u> error. In this case, we conclude the defendant did not. The defendant made no Sixth Amendment objection to the Guidelines nor did he cite to either <u>United State v. Apprendi</u>, 530 U.S. 466 (2000), or the <u>Blakely</u> decision. As a result, we apply <u>Pirani</u> plain error review.

Under <u>Pirani</u>, a defendant must demonstrate prejudice, i.e., that the district court would have applied a more favorable sentence had it not treated the Guidelines as mandatory. <u>Id.</u> at 552. Also, we held in <u>Pirani</u> that a sentence at the bottom of the Guidelines range, standing alone, is not sufficient to demonstrate prejudice. <u>Id.</u> at 553. Here, there is nothing in the record beyond the bottom-of-the-range sentence to suggest that the district court would have granted a more favorable sentence had it not treated the Guidelines as mandatory.

The judgment of the district court is affirmed.

_____