# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-4132/4133

_____

United States of America,          *
                               *

          Appellee,          *

                               *   Appeals from the United States

   v.                        *   District Court for the Eastern

                               *   District of Missouri.

Darius Saulsberry,           *

                               *       [UNPUBLISHED]

          Appellant.        *

_____

Submitted: October 4, 2005
Filed:   October 10, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Darius Saulsberry pleaded guilty to possessing more than 5 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and a jury found him guilty of assaulting a federal officer with a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1). The district court[1] sentenced him to concurrent terms of 120 months in prison and 8 years of supervised release on the drug conviction and 90 months in prison and 2 years of supervised release on the assault conviction. On appeal, Mr. Saulsberry's counsel has moved to withdraw and filed a brief under

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

<u>Anders v. California</u>, 386 U.S. 738 (1967). For the reasons discussed below, we affirm.

First, counsel's argument that the district court inadequately informed Mr. Saulsberry of the 10-year mandatory minimum prison term for the drug charge is refuted by the record. The district court advised Mr. Saulsberry during the change-of-plea colloquy that his guilty plea would subject him to "a mandatory minimum of ten years with a maximum of life" and later repeated that he would face "imprisonment of not less than ten years."

Second, counsel argues that the trial evidence was insufficient to support the intent element of the assault conviction. We disagree. Viewed in the light most favorable to the verdict, <u>see</u> <u>United States v. Tensley</u>, 334 F.3d 790, 793-94 (8th Cir. 2003), the evidence showed that Mr. Saulsberry knew the officer was standing along the driver's side of Mr. Saulsberry's car, and that the officer would either have to get out of the way or be struck when Mr. Saulsberry fled by turning the car sharply left and accelerating. This evidence was sufficient for a rational jury to find Mr. Saulsberry guilty. <u>See</u> <u>United States v. Street</u>, 66 F.3d 969, 976-77 (8th Cir. 1995).

Third, counsel argues that the district court should have appointed new counsel at sentencing in response to a pro se letter Mr. Saulsberry sent. We have reviewed the claims in the letter and the performance of the attorney who represented Mr. Saulsberry at his trial and sentencing, and we find no abuse of discretion by the district court. <u>See</u> <u>United States v. Exson</u>, 328 F.3d 456, 460 (8th Cir.), <u>cert. denied</u>, 540 U.S. 1011 (2003).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues for appeal.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____