# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3213

_____

United States of America,            *
                                      *
            Plaintiff - Appellee,     *
                                      *    Appeal from the United States
      v.                              *    District Court for the District
                                      *    of Minnesota.
Michael Troy Olson,                   *
                                      *         [UNPUBLISHED]
            Defendant - Appellant.    *

_____

Submitted: April 19, 2006
Filed:  April 24, 2006

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Michael Troy Olson of being a felon in possession of a firearm, and the district court[1] sentenced him to 275 months.  Olson appeals, arguing

_____

[1]The Honorable James M. Rosenbaum, Chief United States District Judge for the District of Minnesota.

that the district court lacked jurisdiction because of an infirmity in the indictment and complaining that he was not granted the benefit of the safety valve at sentencing.[2]

While executing a search warrant at Olson's premises, officers seized two long rifles and a .22 caliber semiautomatic pistol. Olson admitted that he owned the long rifles and that his fingerprints were on the handgun, which his wife had purchased. He was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Before trial Olson filed a motion to dismiss the indictment, alleging that it was duplicitous because the possession of several firearms was charged in the same count. The district court denied the motion and later instructed the jury that it could find the possession of a single firearm sufficient to convict, but that "you must unanimously agree upon which of the firearms the defendant possessed" or else find the defendant not guilty.

Olson appeals the denial of his motion to dismiss the indictment. He claims that since the indictment was duplicitous, it is unclear which act of possession the grand jury had agreed on. An indictment is duplicitous if it joins "two or more distinct and separate offenses" in a single count. United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999) (internal quotation omitted). There was not a duplicitous indictment here, however, because the possession or simultaneous receipt of multiple firearms constitutes a single offense. See United States v. Kinsley, 518 F.2d 665 (8th Cir. 1975) (possession of four firearms was a single offense under an earlier felon in possession statute), United States v. Powers, 572 F.2d 146 (8th Cir. 1978) (simultaneous receipt of three firearms a single offense). Olson has not shown any error in the indictment and even if there had been a flaw in the grand jury

---

[2]Since no sentencing arguments were ever developed in his brief, we do not address his sentence.

proceedings, the petit jury's guilty verdict would have rendered it harmless. <u>See</u> <u>United States v. Exson</u>, 328 F.3d 456, 459 (8th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1011 (2003).

Accordingly, we affirm the judgment of the district court.

_____