UNITED STATES of America

v.

Woody GRIER, Appellant.

No. 08–4612.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 26, 2009.

Filed: Oct. 28, 2009.

Michael A. Consiglio, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald A. Krauss, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: SLOVITER, FUENTES and HARDIMAN, Circuit Judges.

OPINION

SLOVITER, Circuit Judge.

Appellant Woody Grier pled guilty to one count of possession with intent to distribute and distribution of five grams or

more of cocaine base and was sentenced to 235 months imprisonment. He appeals two of the District Court's rulings under the Sentencing Guidelines and the reasonableness of his ultimate sentence.[1]

## I.

In 2006, Grier sold cocaine base to several confidential informants in Harrisburg, Pennsylvania. Thereafter, state officers obtained a search warrant and discovered cocaine base in a residence that Grier used to distribute drugs. Grier admitted to police at that time that he possessed the cocaine with the intent to distribute it.

Grier was subsequently indicted for one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a). After his arrest and initial appearance, Grier was released pending a detention hearing to be held four days later. However, he failed to appear at that hearing. Grier was subsequently apprehended and ordered detained pending trial. He was then placed in state prison based on a warrant for failure to pay child support, but the prison mistakenly released him after two days.

Following his mistaken release, Grier remained outside custody for over eight months. He was finally arrested during a traffic stop in which he provided a false name and date of birth and was again found in possession of cocaine base. Grier then entered into a plea agreement in which he agreed to plead guilty to the drug charge in exchange for, as relevant here, the government's agreement to recommend a downward departure under the Sentencing Guidelines for acceptance of

responsibility. Grier subsequently entered his guilty plea in the District Court.

The Probation Office prepared a Presentence Investigation Report ("PSR"), which the District Court adopted without change at Grier's sentencing hearing.[2] Grier faced a base offense level of 24 on the drug offense, and the PSR recommended a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on Grier's failure to report to his detention hearing and his eight months as a fugitive following his mistaken release from state prison. In addition, the PSR determined that Grier was a career offender, and therefore he faced an offense level of 34 and a criminal history category of VI under U.S.S.G. § 4B1.1. Further, the PSR determined that a downward departure for acceptance of responsibility was not warranted in light of Grier's obstruction of justice.

Grier challenged the obstruction of justice enhancement and the rejection of the acceptance of responsibility departure, but the District Court rejected those challenges in light of Grier's failure to report to his detention hearing and his conduct following his mistaken release from state prison, including his use of a false identity when arrested and possession of cocaine. The government did move for a downward departure of one level under U.S.S.G. § 5K1.1 based on Grier's substantial assistance, and the Court granted that departure. Thus, Grier ultimately faced a Guidelines range of 235 to 293 months imprisonment.

The District Court then heard argument from the parties regarding an appropriate sentence. As relevant here, Grier argued

---

1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2. Grier's sentence was calculated under the 2007 version of the U.S. Sentencing Guidelines Manual.

for a downward variance because he provided care for his mother, who suffers from cancer, and because his conduct following the plea agreement demonstrated acceptance of responsibility.

As noted above, the District Court sentenced Grier to 235 months imprisonment, the bottom of the Guidelines range. It concluded that this sentence was appropriate in light of Grier's substantial criminal history (six adult convictions, five of which related to drugs), including Grier's continued involvement in drugs following his arrest for the instant offense, and the need to deter Grier from committing future crimes. It also rejected Grier's request for a downward variance so that he could provide care for his mother. The judge stated that other family members were available to aid his mother and, in any case, the only sentence that would allow Grier to render such aid would be probation, which the court concluded was inappropriate here.

## II.

On appeal, Grier first challenges the District Court's rulings under the Sentencing Guidelines regarding the obstruction of justice enhancement and the departure for acceptance of responsibility. We review these decisions for clear error. *See United States v. Grier*, 475 F.3d 556, 570 (3d Cir.2007) (en banc).

■ As to the obstruction of justice enhancement, we note initially that, in light of his status as a career offender (which Grier does not challenge), the obstruction of justice enhancement had no direct effect on his ultimate advisory Guidelines sentence under U.S.S.G. § 4B1.1. Further, under the circumstances of this case, the District Court did not commit clear error in concluding that Grier willfully obstructed justice. The Guidelines commentary expressly states that "escaping ... from custody before trial" and "willfully failing to appear, as ordered, for a judicial proceeding" constitute obstruction. U.S.S.G. § 3C1.1 cmt. n. 4(e). After Grier was released following his initial appearance, he failed to appear as ordered at his detention hearing four days later. Grier points to no evidence suggesting that this failure to appear was due to a mistake or inadvertence. Additionally, following his accidental release from state prison, Grier disappeared for eight months, despite his awareness of the pending federal drug charge. When he was finally arrested, he was found in possession of additional drugs and attempted to avoid detection by providing the police with a false identity.

The District Court also did not commit clear error in rejecting a downward departure for acceptance of responsibility. The Guidelines commentary states that where, as here, the defendant engages in conduct resulting in an enhancement for obstruction of justice, such conduct "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 cmt. n. 4. Here, Grier points to no extraordinary circumstances supporting a contrary conclusion.

Further, in *United States v. Boettger*, 316 F.3d 816, 817 (8th Cir.2003), the court of appeals upheld a denial of a departure for acceptance of responsibility in a starkly similar case. There, the defendant was released from custody pending trial on drug charges but he fled, and after he was subsequently arrested, he was inadvertently released from prison and again attempted to flee; all the while, the defendant continued his drug use. *Id.* The court upheld the denial of a departure because the defendant's "conduct was inconsistent with an acceptance of responsibility." *Id.* So too were Grier's actions.

Finally, Grier argues that his ultimate sentence was unreasonable because it overstated the seriousness of his criminal history. We review the reasonableness of a sentence under an abuse-of-discretion standard. *See United States v. Tomko*, 562 F.3d 558, 566–67 (3d Cir.2009) (en banc). Here, the sentence imposed was procedurally and substantively reasonable. The Court correctly calculated the Guidelines range, properly ruled on the requested departures under the Guidelines, and heard argument from the parties regarding an appropriate sentence. Moreover, it did not abuse its discretion in imposing a sentence of 235 months given Grier's extensive criminal history and conduct following his initial arrest on the instant offense.

### III.

For the above-stated reasons, we will affirm the judgment and sentence.