**UNITED STATES of America,
Appellant,**

v.

**Isaac Ray SENIOR, Appellee.**

**No. 90–2912EA.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1991.

Decided June 4, 1991.

Kevin Alexander, Asst. U.S. Atty., Little Rock, Ark., for appellant.

Greg Niblock, Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

The District Court[1] sentenced Isaac Ray Senior to 120 months for conspiring to distribute cocaine base and possessing it with intent to distribute. The United States appeals, arguing that the Court erred in departing below the career-offender guideline range. We affirm.

## I.

Senior (age 27) was arrested on suspicion of driving while intoxicated. When he emptied his pockets, officers discovered 10.774 grams of cocaine base in a film container and a small quantity of marijuana. Senior's base offense level was 26, U.S.S.G. § 2D1.1(c)(9) (at least 5 but less than 20 grams of cocaine base). The probation officer recommended a two-level reduction for acceptance of responsibility, § 3E1.1. An adjusted offense level of 24 and criminal-history category of V would have resulted in a range of 92–115 months.

The presentence report noted, however, that Senior qualified as a career offender under § 4B1.1. He was over 18; the instant offense was a controlled-substance offense; and Senior had prior felony convictions for three crimes of violence and two controlled-substance offenses. In 1983, at age 20, Senior and an accomplice robbed two Pizza Hut restaurants on the same night, and another Pizza Hut three weeks later. Senior was sentenced to two concurrent twelve-year terms for the first two robberies, and later was sentenced to a concurrent six-year term for the third robbery. He was paroled in 1986. In 1987, at age 24, Senior delivered Dilaudid to an undercover police officer and, fourteen days later, possessed another controlled substance. He was sentenced to two concurrent six-year terms and was paroled in 1989. He escaped from supervision in 1990 and was charged with parole violation after his arrest in this case. As a career offender, Senior's offense level was 37, less two levels for acceptance of responsibility, and his criminal-history category was VI, which resulted in a range of 292–365 months. The statutory minimum sentence for the two offenses before us on this appeal was ten years, because they involved more than 5 grams of cocaine base, and Senior had prior controlled-substance convictions. 21 U.S.C. § 841(b)(1)(B).

On the first day of the sentencing hearing, Senior requested a downward departure based on his substantial assistance to the FBI. The government refused to make a motion under § 5K1.1 because when Senior was released from jail to permit his further assistance, he absconded. The Court thought that on the facts before it the sentencing range had no relationship to the seriousness of the crime. The Court stated, "[I]t's a very serious charge ... [but] I don't believe I have imposed a higher sentence on more than one or two occasions in 20 years, and I have had many people here with a much worse criminal record and involved in much more serious crimes than this." Sent.Tr. I at 10. Although it considered the range "an egregious case of excessive penalty," the Court declined to depart, because it believed there was no legal basis for departing, and sentenced Senior to 292 months. *Id.* at 15–16; 19.

The Court on its own motion reconvened the sentencing hearing the next day. Relying on *United States v. Brown,* 903 F.2d 540 (8th Cir.1990) (remand necessary because district court erroneously believed it lacked discretion to depart from career-offender guideline sentence overrepresenting criminal history), and *United States v. Brittman,* 750 F.Supp. 388 (E.D.Ark.1990) (downward departure warranted because career-offender provision overrepresented defendant's criminal history), the Court

---

**1.** The Hon. Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

concluded it had the power to depart based on U.S.S.G. § 4A1.3 (Adequacy of Criminal History Category).

Reviewing Senior's criminal history, the Court observed that the state courts had treated Senior's three robberies "as more or less one criminal episode." Concurrent sentences were imposed for the three robberies, and the state paroled Senior after about three years. The Court further noted that the drug offenses Senior committed at age 24 were consolidated for sentencing, the sentences ran concurrently, and he was paroled after about eighteen months. The Court then departed from the guideline range and imposed the statutory minimum sentence of ten years.

## II.

 In assessing the reasonableness of departures from the guideline range, this Court must evaluate, first, whether the circumstances relied upon are sufficiently "unusual" to warrant departure; second, "whether the district court clearly erred in finding the historical facts that could justify departure"; and, third, whether the sentence was reasonable, "giving due deference to the sentencing court's superior position and considering the statutory goals of sentencing." *United States v. Smith,* 909 F.2d 1164, 1169 (8th Cir.1990) (downward departure from career-offender guideline range justified by mitigating circumstances of defendant's criminal career), *cert. denied,* —— U.S. ——, 111 S.Ct. 691, 112 L.Ed.2d 682 (1991).

 We think the District Court correctly held that the overstatement of the seriousness of Senior's criminal history was a circumstance unusual enough to warrant departure. See *Brown,* 903 F.2d at 544–45. The Court considered the historical facts of Senior's criminal career, including his age when he committed the offenses, the proximity in time of the robberies and of the drug offenses, and the state's assessment of the seriousness of Senior's crimes as reflected by the state courts' handling of sentencing and by the length of time Senior

actually served. It was permissible for the District Court to determine that these facts warranted departure. See *Smith,* 909 F.2d at 1169–70 (downward departure justified where defendant was young when he committed crimes, his career was brief, and his burglary and drug offenses were relatively minor).

 Finally, because the District Court based its sentence on the guideline range [2] which would have applied absent the overstatement of Senior's criminal history, the sentence is reasonable, see U.S.S.G. § 4A1.3 ("In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable"). The sentence satisfies the statutory purposes of just punishment and deterrence, see 18 U.S.C. § 3553(a)(2). Senior will have to serve the whole ten years, with only about 15 per cent. of the time off for good behavior.

Affirmed.

---

**2.** Senior's range was 92–115 months without career-offender status. Senior's guidelines sentence was 120 months because this was the statutory minimum sentence. See U.S.S.G. § 5G1.1(b).