**UNITED STATES of America**

v.

**Duane CARROLL.**

**Criminal No. WMN–96–0398.**

United States District Court,
D. Maryland.

June 6, 1997.

---

Lynne A. Battaglia, United States Attorney for the District of Maryland, Martin J. Clarke, Assistant United States Attorney, Baltimore, MD, for U.S.

Jane Carol Norman, Washington, D.C., for Duane Carroll.

### SENTENCING MEMORANDUM AND ORDER

HERBERT N. MALETZ, Senior District Judge.[1]

A jury convicted Duane Carroll of one count of distributing heroin and one count of distributing cocaine, both in violation of 21 U.S.C. § 841(a)(1). At trial, the government produced evidence that on August 20, 1996, Carroll sold 3.61 grams of heroin to a confidential informant in exchange for $200. The government also established that on September 25, 1996, Carroll sold .61 grams of cocaine to the informant in exchange for $60.

Currently before this court is the question of an appropriate sentence. Without dispute, Carroll is a career offender within the meaning of the guidelines. He was at least 18 years old at the time of the instant offense; the instant offense is a felony that is a controlled substance offense; and he has prior felony convictions for two crimes of violence and one controlled substance offense. *See* U.S. Sentencing Guidelines Manual §§ 4B1.1 and 4B1.2 (1995). A career offender's criminal history category in every case is category VI. *Id.* § 4B1.1. Because the statutory maximum term of imprisonment involved in the instant offense is 20 years, the offense level becomes 32, for a resulting sentencing range of between 210–262 months.

Carroll requests a downward departure from the career offender guideline under USSG § 4A1.3, p.s., on the grounds that "career offender" status significantly over-represents the seriousness of his criminal history. The parties agree that, absent classification as a career offender, Carroll's total offense level is 12, his criminal history category is V, and the resulting sentencing range is between 27–33 months.

USSG § 4A1.3, p.s., provides, in part, that if "reliable information indicates" that "a defendant's criminal history category significantly over-represents the seriousness of [the] defendant's criminal history or the likelihood that the defendant will commit future crimes," the district court may grant a "downward departure from the guidelines." USSG § 4A1.3, p.s. Further, a departure from the "career offender" guideline range is permissible under USSG § 4A1.3, p.s., if the court finds that career offender status overstates the defendant's past criminal conduct. *United States v. Adkins,* 937 F.2d 947, 952 (4th Cir.1991); *see also United States v. Lindia,* 82 F.3d 1154, 1165 (1st Cir.1996) (policy statement in § 4A1.3 permits downward de-

1. Of the United States Court of International Trade, sitting by designation.

parture for those who would otherwise qualify as career offenders); *United States v. Beckham*, 968 F.2d 47, 54–55 (D.C.Cir.1992) (same).

Carroll has three qualifying prior felony convictions, two for "crimes of violence" and one for a felony drug offense. The first offense occurred in 1986, when, while age 22, Carroll committed battery in violation of Maryland law. He was found guilty in 1987 and sentenced to one year imprisonment. The sentence of imprisonment was suspended and he was placed on one year supervised probation. The second offense occurred nearly five years later, in 1991, when Carroll committed simple assault in violation of Maryland law. He was found guilty in 1992 and sentenced to three years imprisonment. Again, the sentence of imprisonment was suspended and he was placed on three years supervised probation. The third offense took place in 1993, when Carroll was charged with possessing with intent to distribute crack cocaine, a violation of Maryland law. He was found guilty in 1994 and sentenced to five years imprisonment.

Other aspects of Carroll's background bear mention. He graduated from Southwestern High School in Baltimore, Maryland, in 1983 and has been continuously employed since that time, except for the period September, 1993 through September, 1995, when he was incarcerated in the State of Maryland Penal System for his drug offense. Thus, from 1983 through 1986, Carroll was employed by Plymouth Wallpaper Company; from 1986 through 1987, he worked as a mail sorter for Circle Advertising; from 1987 through 1988, he was a porter for Stop, Shop and Save Mini Market; from 1988 through 1992, he was employed by Baltimore Luggage Company; from 1992 through 1993, he worked through a temporary agency; and from October, 1995 through January, 1996, he was employed by CNS Falcons, a trash removal company located in Harford County, Maryland.

Against this background, the court finds that Carroll's criminal past is significantly less serious than that of a typical career offender because: (1) he was only 22 years old when he committed battery in violation of Maryland law (he is now 31); (2) his conviction for battery occurred some 10 years prior to the instant offense; (3) his conviction for simple assault—as opposed to aggravated assault—was handed down nearly five years after his conviction for battery; (4) the instant offense involved an unusually small amount of drugs, *see United States v. Bailey*, Nos. 94–5778, 94–5807, 1996 WL 63035, at *3 (4th Cir. Feb.14, 1996) (unpublished) (downward departure from career offender guideline based in part on circumstance that offense of conviction was not violent); (5) Carroll has a record of employment, *see id.* at *3 (downward departure from career offender guideline based in part on fact that Bailey "had worked, although only sporadically, as a sheet metal worker"); and (6) the state court placed Carroll on probation for both prior violent felonies—the battery and the simple assault. *See, e.g., United States v. Senior*, 935 F.2d 149, 151 (8th Cir.1991). In the *Senior* case, the defendant had prior felony convictions for three crimes of violence and two controlled substance offenses. The court held that Senior's age at the time of each of the prior felonies, i.e., 20 and 24, the proximity in time of the prior felonies, and "the state's assessment of the seriousness of Senior's crimes as reflected by the state court's handling of sentencing and by the length of time Senior actually served," provided a proper basis for a downward departure from the career offender guideline. *Id.* at 151.

Based on the factors set out above, the court finds that Carroll should not be sentenced as a career offender. Accordingly, this court will depart downward from the applicable career offender guideline range of 210–262 months to the guideline range that would apply absent the career offender classification, 27–33 months. *See, e.g., United States v. Rivers*, 50 F.3d 1126, 1130–32 (2d Cir.1995) (holding that, where a defendant's offense level has been increased by the career offender guideline, a district court may reduce either the criminal history category or the offense level, or both, under USSG § 4A1.3, p.s.).

The court hereby imposes a 33 month term of imprisonment on both counts, to run concurrently. In addition, the court imposes the

mandatory three year term of supervised release required under 21 U.S.C. § 841(b)(1)(C) on both counts, also to run concurrently. The mandatory $200 special assessment is imposed. The guidelines also recommend that a fine between $3,000–$1,000,000 be imposed. However, in view of Carroll's current financial condition, no fine will be imposed.