# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2681

_____

United States of America,        *
        *
        Appellee,        *
        *   Appeal from the United States
        v.        *   District Court for the
        *   District of Minnesota.
Marcos Lopez Nunez, also known as    *
Marcos Nunez Lopez,        *   [UNPUBLISHED]
        *
        Appellant.        *

_____

Submitted: June 21, 2005
Filed: July 1, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Marcos Nunez (Nunez) appeals the 135-month sentence the district court[1] imposed upon his plea of guilty to conspiring to distribute and possess with intent to distribute methamphetamine. See 21 U.S.C. §§ 841(b)(1)(A), 846. Nunez's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting Nunez's criminal history was overstated, but Nunez waived his appeal rights in his plea agreement. Nunez filed a pro se supplemental brief, arguing the two prior

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

convictions for driving while intoxicated (DWI) should not have been assessed criminal history points, because in each case he received probation and was not represented by counsel; and the appeal waiver is invalid. Having reviewed the record and found no waiver of appellate rights in the plea agreement, we address the merits and affirm.

The district court did not clearly err in departing under U.S.S.G. § 4A1.3(b)(1) from a Category IV criminal history to a Category III (as opposed to Nunez's requested Category II), see United States v. Greger, 339 F.3d 666, 670 (8th Cir. 2003) (standard of review); and did not err in counting the prior DWI convictions, see U.S.S.G. § 4A1.2, comment. (n.2) (sentence of probation is to be treated as sentence under § 4A1.1(c) (add 1 point for prior sentence not counted in (a) or (b)) unless condition of probation required imprisonment of at least 60 days); United States v. Nichols, 511 U.S. 738, 746-47 (1994) (holding an uncounseled misdemeanor conviction is valid because no prison term was imposed, and the conviction may be used to enhance a sentence for a subsequent offense).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____