# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1995

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Kendrix D. Feemster, | * | |
| | * | |
| Appellee. | | |

_____

Submitted:  November 16, 2005
Filed:    January 24, 2006

_____

Before SMITH, HEANEY, and BENTON, Circuit Judges.

_____

HEANEY, Circuit Judge.

Following a jury trial, Kendrix D. Feemster was convicted of two counts of distribution of cocaine base (crack), in violation of 18 U.S.C. § 841(a)(1).  Feemster was sentenced to 120 months of imprisonment, to be followed by eight years of supervised release.  On appeal, the sole issue for our consideration is whether the district court erred in imposing a 120-month sentence when Feemster's guidelines range was 360 months to life.  Because we cannot ascertain whether the sentence is unreasonable based on the record before us, we remand.

**BACKGROUND**

On March 16, 2004, Feemster sold 11.2 grams of crack to an undercover DEA Task Force officer. On March 25, 2004, Feemster sold 6.8 grams of crack to the same officer. Feemster was subsequently charged by indictment with two counts of distributing crack.[1] Feemster went to trial, and was found guilty by a jury of both counts.

According to undisputed sections of the presentence report, Feemster had accumulated a lengthy criminal history as a juvenile and adult, mostly made up of petty crime convictions. Two of his adult offenses, however, qualified as felony crimes of violence, invoking the guidelines' career offender enhancement. See USSG § 4B1.1. One of these crimes was a first-degree burglary that Feemster committed while he was seventeen, but for which he was certified as an adult.[2] The other qualifying offense was a first-degree robbery that Feemster committed when he was twenty-three. Feemster was also subject to a ten-year mandatory minimum due to a prior felony drug crime that he committed when he was sixteen, but for which he was also prosecuted as an adult. See 21 U.S.C. § 841(b)(1)(B). Without application of the statutory minimum or the career offender enhancement, Feemster's guidelines range would have been 92 to 115 months of imprisonment. The career offender enhancement, however, increased his sentencing range to 360 months to life.

---

[1]Feemster was originally charged with three counts, but one of these counts was dismissed on the government's motion to protect the confidentiality of one of its informants.

[2]The guidelines definition of "crime of violence" includes those crimes that were "committed prior to age eighteen . . . if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." USSG § 4B1.2, comment. (n.1).

At sentencing on March 10, 2004, Feemster asked the court to consider a sentence lower than his guidelines range. He reminded the court that, absent his two qualifying crimes of violence, he would be facing a sentencing range of 92 to 115 months. The court recognized that one of these crimes occurred at a time when Feemster was seventeen years old and the other happened when he was twenty-three. The court noted that Feemster's sentencing range had already increased from 92 to 115 months to at least 120 months by virtue of the mandatory minimum. The government argued that a thirty-year guidelines sentence was reasonable. The court disagreed:

> I think this sentence is too much. 360 is too much because the offense you're counting on [for application of the ten-year mandatory minimum] is this 16-year-old drug offense for one when he was 16 years old. He's only 24. The crimes of alleged violence were one at 17, burglary, and the other at 23, the robbery.

(Mar. 10, 2004 Sent. Tr. at 15-16.) The court then imposed concurrent 120-month sentences on each count of conviction, to be followed by three years of supervised release. On March 17, 2004, Feemster was brought before the court to correct the term of supervised release so that it met the statutory minimum of eight years. The court reiterated its reasons for deviating from Feemster's guidelines range: "I sentenced him there because in considering the defendant's age, current age and age at which he committed the prior offenses including offense when he was 17 – 16 and 17 years old, and that's why I gave him that sentence that he received." (Mar. 17, 2004 Sent. Tr. at 3.) This appeal followed.

## ANALYSIS

The government first asserts that the district court erred by failing to consult the guidelines in fashioning its sentence. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) (requiring sentencing courts in the advisory guidelines regime

to nonetheless consider the appropriate guidelines range before imposing a sentence). This assertion is directly contradicted by the record. The court referenced the fact that Feemster's guidelines range was 360 months in the March 10, 2004 sentencing hearing. Moreover, in its Statement of Reasons for the sentence, the court specifically determined the guidelines range to be 360 months to life. We therefore find the insinuation that the district court did not know Feemster's guidelines range wholly without merit.

We now turn to whether the district court's imposition of a ten-year sentence is unreasonable. See United States v. Booker, 125 S. Ct. 738, 766 (2005) (directing appellate courts to review the sentences of district courts imposed under the advisory guidelines system for "unreasonableness" with regard to the factors enumerated in 18 U.S.C. § 3553(a)). Booker requires courts to fashion an appropriate sentence, considering: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to advance institutional integrity, provide deterrence, protect the public, and rehabilitate the defendant; and the kinds of sentences available, including the guidelines range. Booker, 125 S. Ct. at 757; see also 18 U.S.C. § 3553(a).

We note that while the deviation from the guidelines in this case is large, it is not unique. In United States v. Rogers, 423 F.3d 823 (8th Cir. 2005), our court affirmed a 360-month sentence for a defendant with a guidelines range of 57 to 71 months. In United States v. Winters, 416 F.3d 856 (8th Cir. 2005), a divided panel affirmed a 240-month sentence when the guidelines called for 177 to 191 months. Lastly, in United States v. Christenson, 403 F.3d 1006 (8th Cir. 2005), opinion vacated and district court judgment aff'd without opinion en banc by an equally divided court, 424 F.3d 852 (8th Cir. 2005) (en banc), the district court departed from a 240-month sentence to a 60-month sentence. Thus, large variances from guidelines sentences are not unprecedented.

Moreover, the guidelines themselves have recognized that the career offender enhancement can often result in a gross overstatement of a defendant's criminal history. See 4A1.3(b)(3) (permitting a one-category departure for defendants who, by virtue of the career offender enhancement, have a criminal history category that overrepresents the seriousness of their past offenses). Our court has done the same, albeit in pre-Booker jurisprudence. In United States v. Greger, 339 F.3d 666, 671 (8th Cir. 2003), a panel considered the extent to which a sentencing court could depart for a career offender defendant. The court noted that the career offender enhancement raises both the defendant's offense level and criminal history category. Because the enhancement raised both ends of a defendant's sentencing matrix, the court held that a departure based on the enhancement's overstatement of the defendant's criminal history could affect the same. Thus, the court permitted "career offender-based" downward departures that lowered both the offense level and the criminal history of the defendant. Greger, 339 F.3d at 671; see also United States v. Hutman, 339 F.3d 773, 775-77 (8th Cir. 2003) (discussing the availability of downward departures for defendants whose sentencing ranges reflect an overstated criminal history due to the career offender enhancement).

For the reasons stated above, we reject the government's position at oral argument that any variance from the guidelines sentence would be unreasonable. On the basis of the record before us, however, we are reluctant to affirm the sentence in this case. Further analysis is required to support the variance. At sentencing, the government asked the court to specify which § 3553(a) factors it was relying upon, but the court simply stated that it already had, appropriately referencing the impact of the defendant's youth as a mitigating factor. We agree that the history and characteristics of the defendant are appropriate considerations here, particularly because the defendant's guidelines range more than tripled based on acts committed while a juvenile. Accord United States v. Senior, 935 F.2d 149, 150-51 (8th Cir. 1991). Booker mandates that the sentencing court go further, and consider all factors enumerated in § 3553(a). We have often recognized that we defer to the district

court's superior position with respect to sentencing decisions. <u>See, e.g.</u>, <u>Rogers</u>, 423 F.3d at 829 (noting that post-<u>Booker</u> unreasonableness review "'is akin to . . . abuse of discretion review'" (quoting <u>United States v. Hadash</u>, 408 F.3d 1080, 1083 (8th Cir. 2005)). That said, we have also stressed that, in the wake of <u>Booker</u>, a court maintains a duty to explain its reasons for the sentence imposed with some degree of specificity. <u>United States v. Engler</u>, 422 F.3d 692, 696-97 (8th Cir. 2005). Accordingly, we remand the matter for imposition of sentence following more explicit and thorough consideration of all factors enumerated in § 3553(a).[3]

## CONCLUSION

For the reasons stated herein, we remand to the district court for resentencing. Because we find the record at this time does not permit our court to undertake a meaningful analysis of whether the sentence imposed is unreasonable, we express no opinion on that issue.

_____

[3]If the district court finds it necessary, it may hold further hearings on the issue of Feemster's sentence in order to more fully develop the record.