GREGORY, Circuit Judge,
concurring in the judgment:
Although I concur in the judgment, I write separately to note that the record in this case could support the district court’s 68-month downward variance. For example, at the sentencing hearing, the district court discussed various aspects of Johnson’s history and characteristics, touching upon his youth, education, four dependent children, and the difficult familial circumstances that contributed to his criminal activities. Further, the presentence inves *633 tigation report detailed Johnson’s experiences as a sixteen-year-old honor roll student who, upon being uprooted to a drug-riddled neighborhood, committed three felony offenses over the next two years to support his mother and three younger sisters. Finally, the record could lead one to conclude that the Guidelines range overstated Johnson’s criminal history by including a career criminal offender enhancement for offenses committed in quick succession during Johnson’s troubled youth, two of which were punished by concurrent sentences. Indeed, prior to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), several courts of appeals affirmed the use of substantial downward departures under U.S.S.G. § 4A1.3 where the career criminal offender enhancement overstated the defendant’s criminal history. See, e.g., United States v. Bowser, 941 F.2d 1019, 1026 (10th Cir. 1991) (affirming the district court’s determination that the career criminal offender enhancement over-represented the defendant’s criminal history where the defendant committed the predicate offenses at age twenty, the offenses were committed in close proximity to one another, and were punished by concurrent sentences; affirming the resulting downward departure from a Guidelines range of 262-327 months to 92-115 months). See also United States v. Feemster, 435 F.3d 881, 883-84 (8th Cir.2006) (remarking that it was appropriate for the district court to consider the defendant’s history and characteristics in deciding whether a career criminal offender enhancement overstated the defendant’s criminal history, particularly where a juvenile conviction increased substantially the Guidelines range). Therefore, under the circumstances, the district court’s decision to vary and the degree of the variance could be reasonable if supported by a sufficient explanation from the district court.
Here, however, the district corut, which, of course, had to proceed without the guidance of United States v. Green, 436 F.3d 449 (4th Cir.2006), and United States v. Moreland, 437 F.3d 424 (4th Cir.2006), did not explicitly set forth how Johnson’s history and characteristics—or any other mitigating facts—supported both the decision to vary and the extent of the variance. Accordingly, I concur in the judgment to remand for resentencing.