# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3526

_____

United States of America,

        Appellant,

v.

Mark Allen Lee,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*
\*

_____

Submitted: March 15, 2006
Filed: July 20, 2006

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Mark Allen Lee pleaded guilty to one count of possession of five grams or more of methamphetamine with intent to distribute. Lee's three previous narcotics convictions subjected him to an enhanced sentence pursuant to 21 U.S.C. § 851. The resulting advisory Guidelines sentencing range was 262 to 327 months' imprisonment. However, the district court sentenced Lee to the statutory minimum of 120 months. The government appeals Lee's sentence as unreasonable. For the following reasons, we reverse and remand for resentencing.

## I. *Background*

After observing traffic violations, Missouri police stopped Lee's vehicle near a high school. Lee consented to a police search of the vehicle. The officers instructed the occupants to exit the vehicle. The search uncovered methamphetamine paraphernalia and $510 in cash. Also, a medicine bottle containing 20.4 grams of pure methamphetamine was discovered on the ground near one of the vehicle's passengers. Lee claimed ownership of the methamphetamine. He also admitted that he and his passengers had been smoking methamphetamine just prior to the traffic stop and that he had supplied the others with methamphetamine. Police arrested Lee and two passengers.

Lee pleaded guilty to one count of possession of five grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Due to Lee's three previous narcotics convictions, the government sought to enhance Lee's sentence pursuant to 21 U.S.C. § 851. The presentence report ("PSR") calculated Lee's base offense level as 28 and added one level because the offense occurred near a high school—a protected location. However, Lee's career-offender status raised the total offense level to 34, including a three-level adjustment for acceptance of responsibility. The PSR calculated a criminal history of category VI. The resulting advisory Guidelines range was 262 to 327 months' imprisonment.

At sentencing, the district court noted Lee's criminal history and criticized him for his failure to conform his behavior with the law, notwithstanding the prior convictions and punishments. The court told Lee that he was "too old for this" and that he needed to make more of an effort to clean himself up because if he was caught again, he could expect to face incarceration for the remainder of his life. At the same time, the court considered Lee's first conviction as relatively insignificant because Lee simply possessed a syringe and a "whiff" of methamphetamine, which resulted in a twelve-day sentence. Lee's other two prior convictions, however, related to the manufacture and distribution of methamphetamine.

The court sentenced Lee to 120 months' imprisonment (an approximately 54 percent variance from the bottom of the advisory Guidelines range), reasoning that "ten years will serve the purpose, protect the public and so forth." The government then objected to the sentence as unreasonable. The court responded that "the Court believes that it is a reasonable sentence, that it will serve sufficient for punishment and protection of the community" and reemphasized the minor nature of Lee's first offense. The court then concluded "So it seems to me here that Mr. Lee had a drug problem. So I think that this [ten-year sentence] will serve the purposes of justice." In its written order, the court explained that "The Court varied from the guidelines by imposing a sentence of 120 months because the Court found the guideline imprisonment range to be greater than necessary to achieve a reasonable sentence."

The government appeals the reasonableness of Lee's sentence. Specifically, the government argues that the district court relied upon improper factors (drug abuse and age) and failed to give adequate consideration to the seriousness of the offense and the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

II. *Discussion*

In sentencing a defendant, the district court should first calculate the advisory Guidelines range. *United States v. Sitting Bear*, 436 F.3d 929, 934 (8th Cir. 2006). Second, the district court should consider whether any departure is warranted under the Guidelines. *Id*. Third, the district court should consider the sentencing factors of 18 U.S.C. § 3553(a) and impose a reasonable sentence. *Id*. at 934–35. We review the reasonableness of a sentence for an abuse of discretion. *United States v. Sebastian*, 436 F.3d 913, 915 (8th Cir. 2006). "[A]n abuse of discretion may occur when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a 'clear error of judgment.'" *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (citing

*Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). The more the district court varies from the advisory Guidelines range, the more compelling the justification pursuant to § 3553(a) must be. *United States v. Gall*, 446 F.3d 884, 889 (8th Cir. 2006). Where the record regarding the rationale for a variance is vague, remand for clarification may be necessary. *See United States v. Feemster*, 435 F.3d 881, 883–84 (8th Cir. 2006).

Here, the district court imposed a variance of approximately 54 percent. A variance of this magnitude is large but is neither unique nor necessarily unreasonable. *Feemster*, 435 F.3d at 883–84 (reviewing other cases upholding large variances). The district court adequately articulated its reasoning for the large variance; however, given the factual record, we hold the court clearly erred by basing its variance primarily upon Lee's age and history of drug abuse. The record reflects that Lee's characteristics in these areas were not exceptional.

Drug addiction or abuse is not a proper reason to impose a downward variance, absent exceptional circumstances. *See* 18 U.S.C. § 3553(a)(5)(A) (instructing sentencing courts to consider the policy statements of the Sentencing Commission); *see also* U.S.S.G. § 5H1.4 ("Drug or alcohol dependence or abuse is not a reason for a downward departure); U.S.S.G. § 5K2.0(a)(4) ("An offender characteristic or other circumstance identified in Chapter Five, Part H (Offender Characteristics) . . . as not ordinarily relevant in determining whether a departure is warranted may be relevant . . . only if such offender characteristic or other circumstance is present to an exceptional degree."). Similarly, age is normally not relevant to sentencing, unless the defendant is elderly or infirm. *See* U.S.S.G. § 5H1.1; § 5H1.4 ("[A]n extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant . . . .").

While Lee has a drug abuse problem, the record indicates that he is more than a simple user of narcotics. Two of his prior convictions are for distribution-related

narcotics offenses. The instant offense is also for possession with intent to distribute. Therefore, Lee falls within the career offender classification, *see* U.S.S.G. § 4B1.1(a), and his drug addiction does not present an exceptional circumstance to warrant such an exceptional variance when weighed against the factors set forth in § 3553(a). The same is true of Lee's age. Lee is 44 years old, is healthy, and has no history of health problems. PSR ¶ 49. As such, Lee's case does not present circumstances of the kind and to the degree that warrant variance on the basis of age.

Based upon the foregoing, we vacate Lee's sentence and remand the case for resentencing.

———————————————————