# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3616

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Charles E. Jones, III, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 25, 2007
Filed: November 2, 2007

_____

Before BYE, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Charles E. Jones, III, pled guilty to two counts of distributing cocaine base and was sentenced to 120 months, the mandatory minimum under 21 U.S.C. § 841(b)(1)(B). The United States appeals the sentence as unreasonable. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b), this court vacates the sentence and remands for resentencing.

I.

On April 25, 2003, Jones sold 11.9 grams of cocaine base to an undercover officer in Cape Girardeau, Missouri. Jones sold another 7.8 grams to an undercover officer on June 4. Pursuant to a plea agreement, Jones pled guilty to two counts of distribution of five grams or more of cocaine base. The agreement stipulated that Jones was a career offender, with a criminal history category VI due to 38 criminal history points.

Jones's criminal history included three felony convictions, and at least 16 misdemeanors. Jones received his first conviction at 16 for felony second-degree burglary. His sentence was suspended and he was placed on probation (but Jones was sentenced to five years when probation was revoked). At 18, Jones received a felony conviction for second-degree assault and was sentenced to three years (but released after less than a year). During 1997, at age 20, he committed 12 misdemeanors, including: peace disturbance, possession of alcohol by a minor, possession of marijuana, driving while revoked, and resisting arrest. Jones received short jail terms (up to 90 days) for some of these violations, and probation for others. At 23, Jones was convicted of his third felony, drug trafficking, and was sentenced to 10 years (but served only two). That same year he also committed misdemeanor assault. Over the following four years, Jones committed three more misdemeanors: resisting arrest, driving while intoxicated, and possession of marijuana. He also had four Municipal Court convictions, for which he received no criminal history points. Jones committed the present offenses while on probation.

The district court calculated Jones's base offense level as 26, according to U.S.S.G. § 2D1.1(c)(7). The base offense level increased to 37 due to the career offender provision, U.S.S.G. § 4B1.1(a).[1] Jones received a three-level reduction for

---

[1] U.S.S.G. § 4B1.1(a) designates a defendant as a career offender if (1) the defendant was at least 18 years old at the time of the instant offense; (2) the instant

acceptance of responsibility, making the offense level 34, with a criminal history category VI. The district court calculated the advisory guidelines range as 262 to 327 months. Jones did not request a departure for overstated criminal history under U.S.S.G. § 4A1.3(b), but informed the court he believed it was overstated. He stressed his young age at the time of the first two felonies and the large number of "minor" convictions in 1997.

The district court imposed a non-guidelines sentence under 18 U.S.C. § 3553(a). The court was "particularly concerned about your youth when some of these offenses occurred, 16 and 18." The court also stated that "the nature and circumstances of your offenses are not overwhelmingly egregious, it is your history that is egregious. Your criminal history, however, is buffeted by minor offenses and youthful offenses. So it does indicate that you need a substantial period of time of incarceration." The district court imposed the statutory minimum sentence of 120 months, a variance of 142 months (54 percent or 8 levels) from the bottom of the advisory guidelines range.

## II.

"Where, as here, neither party contests the district court's calculation of the Guidelines range, and [the Government] appeals only the variance from the Guidelines range, 'the issue we examine on appeal is whether the sentence imposed is "reasonable" in light of the factors articulated in 18 U.S.C. § 3553(a).'" *United States v. Gillmore,* 497 F.3d 853, 858 (8th Cir. 2007), *quoting United States v. Miller,* 484 F.3d 964, 966 (8th Cir. 2007), *petition for cert. filed* (Aug. 23, 2007)(No. 07-6142). Reasonableness is akin to traditional abuse of discretion review. *United States v. Burns,* ___ F.3d ___, No. 04-2901, slip op. at 5 (8th Cir. Aug. 27, 2007)(en banc). A district court abuses its discretion by failing to consider a relevant factor, giving

offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

significant weight to an irrelevant factor, or committing a clear error of judgment in weighing the relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case. *Id.* at ___, slip op. at 6.

"[T]he district court imposed a variance of approximately 54 percent. A variance of this magnitude is large but . . . [not] necessarily unreasonable." *United States v. Lee,* 454 F.3d 836, 839 (8th Cir. 2006). The district court based the variance mostly on Jones's overstated criminal history. Even though criminal history is taken into account in determining the guidelines range, overstated criminal history is a permissible reason for a variance. *United States v. Jimenez-Gutierrez,* 491 F.3d 923, 928 (8th Cir. 2007). The history and characteristics of the defendant are relevant factors, especially where the guidelines range dramatically increases due to acts committed while a juvenile. *United States v. Feemster,* 435 F.3d 881, 884 (8th Cir. 2006)(*Feemster I*). However, "*Booker* mandates that the sentencing court go further, and consider all factors enumerated in § 3553(a)." *Id.*

Jones relies on *United States v. Greger,* 339 F.3d 666, 671 (8th Cir. 2003) and *Feemster I* for the proposition that the district court may depart both horizontally and vertically for "defendants who, by virtue of the career offender enhancement, have a criminal history category that overrepresents the seriousness of their past offenses." *Feemster I,* 435 F.3d at 883-84.

*Greger*, a pre-*Booker* case, held that "the district court has the authority to depart downward under § 4A1.3 both horizontally in criminal history category and vertically in offense level . . . due to [enhancements created by] career offender status." *Greger,* 339 F.3d at 672. *Greger,* however, involved the 2001 version of the guidelines, which did not limit a departure under § 4A1.3 for overstated criminal history. The 2005 version of the guidelines – applicable to Jones – limits a departure for overstated criminal history to one criminal history category. **U.S.S.G. § 4A1.3(b)(3)(A) (2005)**. "While we do not suggest that section 4A1.3(b)(3)(A) strictly

-4-

limits the scope of variances post-*Booker*, it remains relevant to consider the Guidelines and the commentary in our assessment of reasonableness." ***United States v. Beal,*** 463 F.3d 834, 837 (8th Cir. 2006)(finding unreasonable a 55 percent (9 level) variance based on overstated criminal history), *petition for cert. filed* (Dec. 21, 2006)(No. 06-8498). *See* **18 U.S.C. § 3553(a)(4)-(5)** (the guidelines range and policy statements are factors the district courts should consider in sentencing). Also, because *Greger* was pre-*Booker*, this court did not review the sentence for reasonableness in light of § 3553(a).

*Feemster I,* a post-*Booker* case with a defendant convicted of distribution of cocaine base, did address whether a statutory-minimum sentence was reasonable for a career offender with an overstated criminal history. This court noted that *Greger* allowed both ends of the sentencing matrix to be reduced for overstated criminal history. *See* ***Feemster I,*** 435 F.3d at 884. However, this court found the record insufficient for meaningful reasonableness analysis, and remanded "for imposition of sentence following more explicit and through consideration of all factors enumerated in § 3553(a)." ***Id.***

On remand, the district court re-imposed the statutory minimum 120 months (a variance of 67 percent or 11 levels), stating its reasons as the defendant's "troubled youth," relatively young age, and lack of a weapon. On appeal again, this court held that the district court placed too much weight on Feemster's youth at the time of previous offenses and did not give sufficient weight to the congressional determination that career offenders receive lengthy sentences. ***United States v. Feemster,*** 483 F.3d 583, 587-89 (8th Cir. 2007)(*Feemster II*), *petition for cert. filed* (Sept. 14, 2007)(No. 07-6727). "[A] district court cannot simply ignore the Congressional mandate that career offenders be sentenced at or near the statutory maximum term of imprisonment." ***Id.*** at 589 (referring to 18 U.S.C. § 994(h)). This court vacated the sentence and remanded for resentencing. ***Id.*** at 590.

In a recent case, *United States v. Bradford,* \_\_\_ F.3d \_\_\_, No. 06-3018, slip op. (8th Cir. Aug. 8, 2007)(*Bradford II*), this court found unreasonable a 45 percent (7 level) variance given to a career offender due to overstated criminal history. The district court based the variance on relative youth at the time of many previous convictions, and the fact that the defendant's last felony conviction was ten years prior. *Id.* at \_\_\_, slip op. at 3. This court held that such a large variance, without other justification, was unreasonable, noting the congressional policy that career offenders receive lengthy sentences. *Id.* at \_\_\_, slip op. at 8. This court also disapproved sentencing Bradford (criminal history category VI) like a defendant with little to no criminal history (category I). *Id.* ("Although the district court has some discretion to find that, on balance, other factors militate against the imposition of a sentence consistent with the sentencing guidelines and the underlying congressional priorities embodied therein, the district court failed to enunciate a sufficiently strong and legitimate rationale to justify reducing Bradford's criminal history category on an order of five times what Congress had intended to be possible.").

This case is indistinguishable from *Feemster II* and *Bradford II*. The district court placed too much weight on Jones's overstated criminal history, failing to consider the need to avoid unwarranted sentencing disparities. A district court may consider youth at the time of previous convictions, and their seriousness, as mitigating factors under § 3553(a). *See Feemster II,* 483 F.3d at 587-88 ("[A] defendant with convictions for conduct occurring before the defendant turned eighteen is different than a defendant with convictions for conduct occurring after the defendant turned eighteen, because the former defendant may be less deserving of punishment and pose less of a risk of recidivism."). Here, however, instead of these factors *mitigating* Jones's youthful crimes, the district court treated these factors as *eliminating* them. Jones was subject to the statutory-minimum 120 months solely because of the drug-trafficking conviction at age 23. A defendant convicted of the same counts as Jones, but with a much shorter criminal history (two fewer felonies and 16 fewer misdemeanors), will by statute receive the same 120 months that Jones received.

Identical sentences for defendants with vastly different criminal histories would create unwarranted sentencing disparities and ignore the history and characteristics of the defendants. *See* **18 U.S.C. § 3553(a)(1), (a)(6)** (courts shall consider the history and characteristics of the defendant and the need to avoid unwarranted sentencing disparities). Although the purpose of reasonableness review is not to attain *pre-Booker* uniformity, the sentence must be reasonable after consideration of the § 3553(a) factors. *See* **United Stated v. Maloney,** 466 F.3d 663, 670 (8th Cir. 2006).

Jones's "continuous" criminal history – acknowledged by the district court – weighs against a sentence at the statutory minimum. *See* **Feemster II,** 483 F.3d at 588 ("Feemster's prior adult convictions for conduct occurring while Feemster was a juvenile do not justify the *extent* of the district court's variance."). Jones was 18 or older when he committed two of the felonies. Jones probation was revoked three times; he committed the present offenses while on probation. Jones has been either incarcerated or on probation since age 16. His previous jail sentences have not deterred him from continuing a criminal career. *See* **United States v. Hutman,** 339 F.3d 773, 776 (8th Cir. 2003)("[A] downward departure from career offender status may be appropriate for a relatively young defendant with a brief criminal career, but even in those instances a departure is appropriate only if it 'accurately reflect[s] the entire record of the defendant's criminal history.'"), *quoting* **United States v. McNeil,** 90 F.3d 298, 301 (8th Cir. 1996).

Jones argues that the district court properly considered the § 3553(a) factors, arriving at a reasonable sentence. The district court mentioned many of the § 3553(a) factors, stating, "I think here today that the sentence that this court will impose will be adequate enough to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment. It will provide adequate deterrence for you. It will protect the public from further crimes, and to give you an opportunity to continue your educational pursuits and drug treatment." The district court, however, focused on criminal history, mentioning the other factors only in passing. "A statement of

reasons is important." ***Rita v. United States,*** 127 S.Ct. 2456, 2468 (2007)(the district court's reasons, "resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors," provides relevant information to both the appellate court and the Sentencing Commission). "[W]hile there may be career offender cases where other § 3553(a) factor predominate, we do not feel that this is such a case." *See **Beal,*** 463 F.3d at 837. The sentence here was outside the range of choice dictated by the facts of the case, and thus, unreasonable.

## III.

The sentence is vacated, and the case remanded for resentencing.

_____