**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4242**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JONATHAN PAUL JOHNSON,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior District Judge.  (CR-04-545)

---

Argued:  February 2, 2006                Decided:  April 12, 2006

---

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.  Judge Gregory wrote a separate opinion concurring in the judgment.

---

**ARGUED:** Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellant.  Joshua Snow Kendrick, Columbia, South Carolina, for Appellee.  **ON BRIEF:** Jonathan S. Gasser, Acting United States Attorney, Columbia, South Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jonathan Paul Johnson pled guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute a quantity of cocaine and a quantity of marijuana. The Pre-Sentence Investigation Report ("PSR") designated Johnson as a career offender and assigned him an offense level of 34 with a criminal history of VI, which produced a sentencing guideline range of 262-327 months of imprisonment. During a sentencing hearing where neither party objected to the PSR, the district court accepted this range; however, without explanation, the district court varied from the range and sentenced Johnson to two concurrent 120-month terms of imprisonment. The United States now appeals this sentence pursuant to 18 U.S.C. § 3742(b), arguing that the sentence is unreasonable. For the reasons set forth below, we vacate and remand this case for resentencing.

Approximately one month before the district court sentenced Johnson, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), effectively rendering the federal sentencing guidelines advisory and establishing a "reasonableness" standard of sentencing review. Despite the advisory nature of the guidelines, our cases applying Booker have emphasized that when sentencing a defendant, a district court must still calculate the proper guideline range and consider that range along with other relevant

2

factors set forth in the guidelines and in 18 U.S.C. § 3553(a), and if the district court "imposes a sentence outside the guideline range, it should explain its reason for doing so." United States v. White, 405 F.3d 208, 216 (4th Cir. 2005); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The explanation of a sentence outside the guideline range "must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). Moreover, if a sentence "is imposed outside the Guideline range and the district court provides an inadequate statement of reasons . . . in departing from the Guidelines' recommendation," then that sentence "will be found unreasonable and vacated." United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006).

As noted, the district court accepted the guideline range of 262-327 months. Before imposing sentence, the district court discussed the case generally with Johnson and his counsel. This discussion centered on the fact that Johnson was a young man with children and that he had grown up in a bad neighborhood. During this discussion, Johnson's counsel requested that the judge sentence Johnson to concurrent 120-month sentences. In response, counsel for the government reviewed Johnson's criminal history and urged a sentence within the guideline range. After some further discussion with Johnson, the district court pronounced the

sentence, varying from the guideline range and imposing the concurrent 120-month sentences. In doing so, the district court offered no explanation for its decision to sentence Johnson below the guideline range. Although the government objected based on the sentence being outside the guideline range, the district court noted the objection but did not elaborate on the basis for the sentence.

In this circumstance, we vacate and remand this case so that the district court can resentence Johnson in a manner consistent with our post-Booker precedent. We express no opinion on the ultimate issue of whether the 120-month sentence is appropriate.[*]

VACATED AND REMANDED

---

[*]Although neither party objected to the sentencing range in the district court, they now both assert that the PSR miscalculated the sentencing range and that it actually should have been 188-235 months. Even so, Johnson's 120-month sentence still falls below the sentencing range and requires explanation by the district court.

GREGORY, Circuit Judge, concurring in the judgment:

Although I concur in the judgment, I write separately to note that the record in this case could support the district court's 68-month downward variance. For example, at the sentencing hearing, the district court discussed various aspects of Johnson's history and characteristics, touching upon his youth, education, four dependent children, and the difficult familial circumstances that contributed to his criminal activities. Further, the presentence investigation report detailed Johnson's experiences as a sixteen-year-old honor roll student who, upon being uprooted to a drug-riddled neighborhood, committed three felony offenses over the next two years to support his mother and three younger sisters. Finally, the record could lead one to conclude that the Guidelines range overstated Johnson's criminal history by including a career criminal offender enhancement for offenses committed in quick succession during Johnson's troubled youth, two of which were punished by concurrent sentences. Indeed, prior to United States v. Booker, 543 U.S. 220 (2005), several courts of appeals affirmed the use of substantial downward departures under U.S.S.G. § 4A1.3 where the career criminal offender enhancement overstated the defendant's criminal history. See, e.g., United States v. Bowser, 941 F.2d 1019, 1026 (10th Cir. 1991) (affirming the district court's determination that the career criminal offender enhancement over-represented the defendant's criminal history where the

5

defendant committed the predicate offenses at age twenty, the offenses were committed in close proximity to one another, and were punished by concurrent sentences; affirming the resulting downward departure from a Guidelines range of 262-327 months to 92-115 months).  See also United States v. Feemster, 435 F.3d 881, 883-84 (8th Cir. 2006) (remarking that it was appropriate for the district court to consider the defendant's history and characteristics in deciding whether a career criminal offender enhancement overstated the defendant's criminal history, particularly where a juvenile conviction increased substantially the Guidelines range). Therefore, under the circumstances, the district court's decision to vary and the degree of the variance could be reasonable if supported by a sufficient explanation from the district court.

Here, however, the district court, which, of course, had to proceed without the guidance of United States v. Green, 436 F.3d 449 (4th Cir. 2006), and United States v. Moreland, 437 F.3d 424 (4th Cir. 2006), did not explicitly set forth how Johnson's history and characteristics--or any other mitigating facts--supported both the decision to vary and the extent of the variance.  Accordingly, I concur in the judgment to remand for resentencing.