**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5001

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN PAUL JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (3:04-cr-00545-MJP)

Submitted: May 16, 2007          Decided: August 16, 2007

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Paul Johnson appeals the 188-month sentence imposed on remand after he pled guilty, pursuant to a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000), and one count of possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000). In our earlier decision, we vacated Johnson's 120-month sentence and remanded for resentencing consistent with this court's interpretations of United States v. Booker, 543 U.S. 220 (2005). United States v. Johnson, 175 F. App'x 631 (4th Cir. 2006) (No. 05-4242).

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether the district court imposed an unreasonable sentence by refusing to vary from the guideline range. In a pro se supplemental brief captioned as a "motion to vacate sentence and remand for re-sentencing," Johnson asserts that he was improperly classified as a career offender and that the career offender status overstates his criminal history.

We conclude that Johnson's assertion that he was improperly classified as a career offender is without merit. Johnson did not object to the presentence report, and at sentencing

counsel specifically stated that he had no basis to contest Johnson's career offender status. To the extent Johnson now argues he was improperly found to be a career offender, this argument is reviewed for plain error. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005). Our review of the record leads us to conclude that there was no error in the district court's conclusion that Johnson was subject to sentencing as a career offender.

To the extent Johnson contends the district court should have departed below the applicable Guidelines[*] range or imposed a variance sentence, this argument is unreviewable. In this case, it is clear that the district court understood its authority to depart or to impose a variance sentence. Therefore, its decision not to depart or vary from the Guidelines on resentencing is not reviewable. <u>See</u> <u>United States v. Edwards</u>, 188 F.3d 230, 238 (4th Cir. 1999). We further conclude that Johnson's sentence, which is within the statutory maximum and the Guidelines range, is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore deny Johnson's motion to remand and his motion for appointment of a law student to assist appellate counsel, and affirm his sentence. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of

---

[*]<u>U.S. Sentencing Guidelines Manual</u> (USSG) (2005).

the United States for further review.  If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>